

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. 0-5286
Re: Authority of a Justice of the
Peace to collect a fee for the
issuance of a search warrant.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I would thank you to furnish me with an opinion as to what method and manner a Justice of the Peace should follow in collecting fees for issuing a Search Warrant to Peace Officers in investigation of Liquor violations and other violations which do not come under the jurisdiction of the Justice Court, and in cases that do not come under the jurisdiction upon trial, of the Justice of the Peace, when the search warrant is used by the officer and no violation sufficient to prosecute, is found on the premises searched.

"Under Article 1066, Code of Criminal Procedure, Texas Statutes, it reads as follows:

"'Justices of the peace shall receive the following fees in criminal actions tried before them, to be collected of the defendant in case of his conviction:
"'1. For each warrant, Seventy-five cents.
. . . . . . . . . . . '

"I do not find any provision in the Statute whereby a Justice of the Peace is protected in his fee when he issues a Search Warrant for the Peace Officer and the violation, if one is found to exist, comes under the jurisdiction of the District Court or the County Court, or where it is found that there is not sufficient violation to justify prosecution. I am referring especially

Honorable T. Gilbert Adams, page 2        0-5286


to violations of the Liquor Law and warrants is-
sued by the Justice of the Peace for State Liquor
Inspectors in their efforts to curb the violation
of the Liquor laws in a dry area.

"I would assume that if there was not suffi-
cient evidence found to prosecute a violation upon
which a search warrant has issued, there would be
no fee payable to the Justice of the Peace, but in
the event there is sufficient evidence found by
reason of the warrant, there is some way to protect
the Justice for his services in the issuing of
the warrant."

Article 1066, Revised Code of Criminal Procedure of
Texas, 1925, referred to in your letter, was repealed in 1929 by
H.B. 84 of the 41st Legislature of Texas, First Called Session.

There is no Texas statute allowing justices of the
peace fees for issuing search warrants of any character.

We quote from 34 Texas Jurisprudence, page 511, as
follows:

"As hereinbefore stated, the compensation of
public officers is fixed by the Constitution or
statutes. An officer may not claim or reach any
money without a law authorizing him to do so, and
clearly fixing the amount to which he is entitled.
. . . ."

In view of the above it is our opinion that justices
of the peace are not entitled to any fees for issuing any
character of search warrants.

We enclose herewith for your information a copy of
opinion No. 0-4091 of this department which holds Article 1071,
Vernon's Annotated Texas Code of Criminal Procedure (an article
allowing justices of the peace examining trial fees in misde-
meanor cases to be taxed against the defendant on conviction)
to be unconstitutional.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Wm. J. Fanning
    Wm. J. Fanning
    Assistant

WJF:mp:wc
Encl.


APPROVED MAY 18, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee By s/BWB Chairman